```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| MR. MAURICE GAY, | : | |
| | : | Civil Action No. 12-7383 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| LT. GERDES, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Plaintiff <u>pro se</u>
Mr. Maurice Gay
Trenton State Prison
Trenton, NJ 08625

**SHERIDAN**, District Judge

Plaintiff Maurice Gay, a prisoner confined at Trenton State Prison in Trenton, New Jersey, seeks to bring this civil action <u>in forma pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

<u>The Three-Strikes Rule</u>

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the PLRA, if the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action

or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Here, while incarcerated, Plaintiff has had three civil action dismissed for failure to state a claim.  See Gay v. Crowely, Civil No. 10-6354 (D.N.J.); Gay v. Bartkowski, Civil No. 11-0366 (D.N.J.); Gay v. Earl, Civil No. 11-1319 (D.N.J.).

In this Complaint, Plaintiff seeks relief based upon his claim that he has been denied a new bed mat, and that he must sleep on a steel bunk.  These allegations, at most, suggest discomfort, but do not establish that Plaintiff is in imminent danger of serious physical injury.  See generally Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004) (collecting cases that typically apply the "imminent danger" exception to serious medical needs or threats of attack from other inmates).[1]

## Conclusion

For the reasons set forth above, this Court will deny Plaintiff's application for leave to proceed in forma pauperis and will order the clerk to administratively terminate this

---

[1] Similarly, the claim for damages for past injury, based upon an alleged bedbug infestation of his former bedmat, do not establish imminent danger of serious physical injury at the time of filing the Complaint.

action.[2]  Plaintiff will be granted leave to apply to re-open within 30 days by prepaying in full the $350 filing fee for a civil action.

    An appropriate Order will be entered.

                                        *s/Peter G. Sheridan*
                                        Peter G. Sheridan
                                        United States District Judge

Dated:  December 10, 2012

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).